PATRICK H. HICKS, ESQ., Bar #4632
KAITLYN M. BURKE, ESQ., Bar #13454
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:     702.862.8800
Fax No.:         702.862.8811
email: phicks@littler.com
email:  kmburke@littler.com

Attorneys for Defendant
MGM GRAND HOTEL, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BLANCA PADILLA,<br><br>                 Plaintiff,<br><br>vs.<br><br>MGM GRAND HOTEL, LLC, a Nevada Corporation; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25 inclusive,<br><br>                 Defendant. | Case No. 2:14-cv-01715-GMN-CWH<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant MGM Grand Hotel, LLC ("Defendant" or "MGM Grand") and Plaintiff BLANCA PADILLA ("Plaintiff"), by and through their respective counsel of record, hereby submit the following Stipulated Protective Order regarding the confidentiality of discovery materials.

I.       PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the above-captioned action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this protective order does not confer blanket protection for all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1   applicable legal principles.

2   II.      DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

3          A.      During this litigation, either party may designate as "confidential" any material

4   produced in discovery if that party in good faith believes that the material contains protected non-

5   public confidential information under state or federal law.  Such discovery material is referred to

6   herein as "confidential material."  The party designating the material is referred to herein as the

7   "designating party."

8          B.      "Confidential material," as the term is used in this protective order, includes all

9   information and documents produced by the parties that fall within one or more of the following

10   categories: (a) information prohibited from disclosure by statute; (b) trade secrets or other non-

11   public information of a proprietary, strategic, commercially valuable, and/or competitively sensitive

12   nature; (c) income tax returns and IRS W-2 and 1099 forms; (d) personnel or employment records of

13   past, present, or prospective employees of Defendant including but not limited to: (1) compensation

14   and benefit information; (2) work histories and performance evaluations; (3) information about

15   complaints of discrimination and investigative files pertaining to such complaints; (4) medical and

16   health-related information; (5) disciplinary information, and (6) personal information, including

17   home and email addresses, dates of birth, telephone numbers, and social security numbers; (e)

18   portions of depositions (audio or video) where confidential material is disclosed or used as exhibits;

19   (f) policies, procedures and/or training materials of Defendant; (g) Defendant's organizational

20   structure; and (h) Defendant's hiring practices.

21          C.      The designating party will mark each page of appropriate documents as

22   "CONFIDENTIAL."  The designation will avoid obscuring or defacing any portion of the discovery

23   material.  If marking as confidential each page of a document or a group of documents would cause

24   undue burden, the designating party instead may designate as confidential a range of documents or

25   pages, accompanied by a writing identifying the range as confidential.  If a party inadvertently fails

26   to designate discovery material as confidential, but subsequently determines that such material

27   should have been so designated, it promptly will provide written notice to the opposing party of the

28   confidential designation and the material will be treated as confidential from the receipt of the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1    notice.   On the other hand, if a party designates discovery material as confidential and later

2    determines that it should not have been so designated, it will promptly provide the opposing party

3    written notice of the removal of the designation and a duplicate copy of the discovery material

4    without the confidential marking.   All copies of confidential discovery material will also be

5    considered confidential.

6          D.       Material designated confidential shall be held in confidence by each qualified

7    recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for

8    any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All

9    produced confidential material shall be carefully maintained so as to preclude access by persons who

10   are not qualified recipients.

11         E.       Material designated confidential will not be disclosed to anyone other than the

12   following qualified recipients: (a) the Court and its personnel; (b) counsel of record, in-house

13   counsel, and staff; (c) deposition notaries and staff; (d) parties to this litigation; (e) any current or

14   former officers, directors, or employees of Defendant; (f) and the following, provided that they

15   expressly agree to be bound by the terms of this protective order by executing the form attached as

16   Exhibit A: (i) any expert or consultant retained in this action; (ii) witnesses and potential witnesses

17   at, or in preparation for deposition, trial, or hearing or who otherwise require the information as

18   directed by counsel; and (iii) outside vendors who perform copying, data entry, or similar functions.

19   Confidential material may not be disclosed to other persons or entities without prior written consent

20   of the designating party or court order.   Such disclosure should be made only to the extent

21   reasonably necessary for effective prosecution and defense of the claims in this action and for no

22   other purpose.

23   III.   CONDITIONS OF DISCLOSURE

24         A.       As set forth in paragraph I.E. above, before disclosing confidential material to the

25   persons qualified to receive it, counsel for the requesting party will secure from each such person the

26   signed Exhibit A.

27         B.       The parties' counsel will be responsible for distribution and control of confidential

28   material.  They will maintain a list of all persons to whom confidential material has been disclosed

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1    and the written assurances executed by such persons as provided in paragraphs I.E. and II.A.

2    Confidential material will be copied only by counsel or persons assisting counsel and only for

3    purposes permitted by this order.

4          C.      The restrictions set forth in this protective order will not apply to information that is

5    or becomes public knowledge through its authorized release and not in violation of this protective

6    order.  Whether material that becomes public will remain confidential under this protective order

7    will be decided based on the standards and procedures herein.  If confidential material is produced

8    by a third party, the parties in this litigation may designate the material as such by marking it

9    confidential and providing the marked copy to the opposing party who will either (1) agree the

10   material is confidential under the terms of this protective order or (2) inform the other party that it

11   disagrees the material should be governed by the terms of this protective order, but nonetheless will

12   treat the material as confidential for at least 30 days from notice of the confidentiality designation, to

13   give the party desiring protection sufficient time to seek relief from the Court.  Treatment of the

14   material as confidential will continue until the Court resolves the issue.

15   IV.      PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

16         A.      During a deposition, either party may request any person present to sign the attached

17   Exhibit A.

18         B.      To designate confidential information in testimony, the designating party will (a)

19   make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time

20   up to 30 days after receipt of the transcript.

21         C.      If confidential material is marked as an exhibit during a deposition, or hearing, or

22   other proceeding in this action, and its contents are disclosed in testimony at such proceeding,

23   counsel for the parties will (a) advise the reporter that the exhibit refers to confidential material or

24   (b) notify the reporter in writing at any time up to 30 days after receipt of the transcript.  In either

25   instance, the material will be marked confidential and will be deemed as such.  The reporter will not

26   furnish copies to anyone other than to the parties herein, and, if so requested, the witness and his/her

27   counsel.

28

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.

## V.      USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

The parties acknowledge that this protective order does not entitle them to file confidential information under seal without complying with the standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), along with Local Rule 10-5.  The parties may agree that the filing party may file documents designated confidential by the other party not under seal.  If no such agreement is made before filing, then any documents to be filed with the court containing confidential material will be accompanied by a motion to seal.  A motion to file a document under seal will be served on opposing counsel, and on the person or entity that has custody and control of the document, if it is different from opposing counsel.  For motions that refer to confidential material, the parties will publicly file a redacted version of the filing.

## VI.     CHALLENGING A CONFIDENTIAL DESIGNATION

If a party disputes the designation of discovery material as confidential, then the objecting party will notify the designating party in writing by electronic mail of such dispute.  The notice will identify the material and explain the basis for the objection.  The designating party will have 7 calendar days to provide a written response by electronic mail to the notice, explaining its reason(s) for designating the material as confidential.  Should the objecting party dispute such reason(s), it will so notify the designating party, and the objecting party will have 21 calendar days from the date of such notice to seek relief from the Court and any motion challenging a confidential designation will be made in compliance with Local Rule 26-7.  During the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material is properly designated as confidential.  In the event of a dispute, the parties will continue to treat the disputed material as confidential until the dispute is resolved informally between the parties or by the court.

## VII.    NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this protective order seeking production or disclosure of confidential material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than 5 business days after receiving the subpoena, to opposing counsel.  The subpoenaed party will not disclose any confidential material for 7 business days, if possible without violating the subpoena, after providing notice to the other party,

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1    and in no event make disclosure before notice is given.  If, within this 7 business day period, court

2    relief is sought from the subpoena with regard to any confidential material, the subpoenaed party

3    will wait for the Court to resolve the issue or applicable rules direct otherwise.

4    VIII.    ADDITIONAL RIGHTS

5         Nothing in this protective order will:  (a) restrict any party with respect to its own material or

6    discovery material that has not been designated confidential; (b) prejudice any party's rights to

7    object to the production or disclosure of information, confidential or otherwise, it considers not

8    subject to discovery; (c) restrict the proper scope of discovery that can be sought by any party; or (d)

9    prejudice any party's right to seek relief from the terms of this protective order.

10        This protective order is without prejudice to the right of any party to move the Court,

11   pursuant to Fed. R. Civ. P. 26(c) or Local Rule of Practice 26-7, for an order seeking protection of

12   confidential material sought by or produced through discovery, which protection is different from or

13   in addition to that provided for in this protective order, and such right is expressly reserved.

14   Similarly, each party reserves the right to request the Court to order disclosure of materials subject to

15   this protective order or request modification of this protective order.

16   IX.    RETURN OF CONFIDENTIAL MATERIALS

17        Within 60 days after this action is concluded, including any appeals, materials designated as

18   confidential, and copies thereof, will be returned to the producing party.  This provision will not

19   apply to court filings or pleadings, briefs, or correspondence maintained by counsel during the

20   ordinary course of business.  Rather than returning confidential material, it may be destroyed, with

21   proper verification of the destruction from the party responsible for it.

22   X.    BINDING EFFECT

23        This protective order will remain in full force and effect at all times during which any party

24   to this protective order or any person having executed the attached Exhibit A retains possession,

25   custody, or control any confidential material.

26

27

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

6.

1    XI.    UNAUTHORIZED DISCLOSURE OR INADVERTENT PRODUCTION

2            If either party learns that, by inadvertence or otherwise, it has disclosed confidential material

3    to any person or in any circumstance not authorized under this protective order, the receiving party

4    must immediately (a) notify the designating party in writing of the unauthorized disclosure, (b) use

5    its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the

6    person(s) of the terms of the protective order, and (d) request such person(s) execute Exhibit A.

7            Pursuant to Federal Rule of Evidence 502(d) and (e), attorney-client, work product, or any

8    other privilege will not be waived by disclosure connected to this litigation.  As a result, the parties

9    agree that nothing in this protective order will be deemed to limit or waive the attorney-client, work

10   product, or any other privilege.

11

12   Dated:  December 18, 2014              Dated:  December 18, 2014

     Respectfully submitted,               Respectfully submitted,

13

14

15   /s/ Erica D. Loyd, Esq.                /s/ Kaitlyn M. Burke, Esq.
     PATRICK W. KANG, ESQ.                  PATRICK HICKS, ESQ.
     ERICA D. LOYD, ESQ.                    KAITLYN M. BURKE, ESQ.
16   KANG & ASSOCIATES, PLLC                LITTLER MENDELSON, P.C.

17   Attorneys for Plaintiff                Attorneys for Defendant
     BLANCA PADILLA                         MGM GRAND HOTEL, LLC
18

19

20   **IT IS SO ORDERED.**

21   DATED: This __19__ day of December, 2014.

22

23
     _____
24   THE HONORABLE C. W. HOFFMAN, JR.
     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

7.

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of Nevada in the

case of *Blanca Padilla v. MGM Grand Hotel, LLC*, Case No. 2:14-cv-01715-GMN-CWH (D. Nev.).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District

of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my Nevada agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                              [printed name]


Signature: _____
                         [signature]

Firmwide:130670137.1 060736.1087

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800